## COMMONWEALTH *vs.* DICK HUTTON.

A complaint, charging the commission of an offence " on the third day of June instant,'
without mentioning the year, is insufficient, although it purports to have been sworn to
" on the fourth day of June A. D. 1855."

COMPLAINT to the police court of New Bedford, signed by
Lewis G. Allen, alleging that the defendant, at New Bedford,
" on the third day of June instant," did unlawfully sell intoxi-
cating liquor to Joshua B. W. Hart. At the end of the com-
plaint was the following certificate, signed by the clerk of the
police court : " Bristol, ss. Received and sworn to on the fourth
day of June A. D. 1855 before said court."

The defendant being tried and convicted before the police
court, appealed to the court of common pleas, and after verdict
of guilty in that court, moved in arrest of judgment, and, that
motion being overruled, appealed to this court. The only ground
relied on for arresting judgment was, that the time of the com-
mission of the offence was not stated with sufficient certainty.

*E. L. Barney*, for the defendant. " No indictment whatsoever
can be good without precisely showing a certain year and day
of the material facts alleged in it." 2 Hawk. *c.* 25, § 77. *Com-
monwealth* v. *Adams*, 1 Gray, 483, and authorities cited. This
court hold that a certain day " now past " is not sufficiently cer-
tain, because it does not indicate the year. *Commonwealth* v.
*Griffin*, 3 Cush. 525. The jurat is no part of the complaint, but
a mere certificate to the truth of the facts therein alleged.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.
The complaint is not complete until presented to and received
by the magistrate. Reference may be had to the jurat, in
analogy to reference to the caption of an indictment, or to the
time of filing, which is allowed in this commonwealth. *Com-
monwealth* v. *Edwards*, 4 Gray, 1. *Commonwealth* v. *Stone*, 3
Gray, 453. In *Marston* v. *Jenness*, 12 N. H. 144, a complaint
under the bastardy act, which alleged that the child was begot-
ten " on the 15th day of May last," and was sworn to, as
appeared by the certificate of the magistrate, " on the 13th day

8*

of January A. D. 1840," was held sufficient; Gilchrist, J., in delivering .the opinion of the court, saying : " The strictness usually required in criminal prosecutions is not requisite here. But even if it were, we think the time is alleged with sufficient precision."

METCALF, J. An indictment is insufficient to support a judgment, unless it precisely shows a certain year and day when the offence alleged therein was committed. The same is true of a complaint made to a magistrate who has authority, on a trial thereof, to pass sentence on the defendant. Does this complaint show a certain year and day when the defendant unlawfully sold intoxicating liquor? It alleges that he did so on " the third day of June instant," without mention of the year This, standing alone, is admitted by the counsel for the Commonwealth to be clearly insufficient. But it is suggested that the entry, at the foot of the complaint, that it was " received and sworn to on the fourth day of June A. D. 1855," sufficiently shows that the day mentioned in the complaint is the next preceding day, to wit, the third day of June 1855. It is extremely probable that, by " June instant," June 1855 was intended. But we think we cannot infer, with any more legal certainty, that the complaint was drawn up in June 1855, merely because it was sworn to in that month, than we could infer, if it had been sworn to in July or August 1855, that " June instant " was the next preceding June. The complaint may, for aught that we can know, have been prepared in June 1854, and not sworn to till the following year.

There are cases under the bastardy process, in which defects somewhat like that in the present case were held not to be fatal. *Marston* v. *Jenness*, 12 N. H. 137. *Tillson* v. *Bowley*, 8 Greenl. 163. But we find no precedent, in a case of criminal process, for sustaining a judgment on this complaint.

As was once said by Lord Denman, " On the first impression we always feel desirous to get over objections of this kind, if we can ; but we must abide by established rules. The objection is one which we cannot avoid giving effect to. We shall thus induce more accuracy in future." *The Queen* v. *Bloxham*, 6 Ad. & El. N. R. 533.           *Judgment arrested.*